IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD D. KENNEDY, #196 984, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:14-CV-212-MEF |
| | ) | [WO] |
| MOBILE, ALABAMA, ASSISTANT | ) | |
| DISTRICT ATTORNEY'S OFFICE, | ) | |
| *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of (emergency) habeas corpus filed by Petitioner, an inmate in the custody of the State of Alabama and housed at the Elmore Correctional Facility in Elmore, Alabama.[1]  Petitioner originally filed this action in the United States District Court for the District of Columbia. *See Kennedy v. Mobile, Alabama, Assistant District Attorney's Office, et al.*, Civil Action No. 1:13CV-1653-UNA

---

[1] According to the petition, Petitioner seeks to file this action under the provisions of 28 U.S.C. § 2241. *See* Doc. No. *1*. The transferring court docketed the petition pursuant to 28 U.S.C. § 2241 and this court docketed the petition in the same manner.  A writ of habeas corpus may issue to a prisoner pursuant to § 2241 if the prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2254 "applies to a subset of those to whom § 2241(c)(3) applies." *Thomas v. Crosby,* 371 F.3d 782, 786 (11th Cir. 2004). This section "applies to 'a person in custody *pursuant to the judgment of a State court*' who is 'in custody in violation of the Constitution or law or treaties of the United States.' " *Id.* (quoting section 2254(a)) (emphasis in original). While "the habeas corpus remedy is authorized by § 2241," it is "also subject to § 2254 and all of its attendant restrictions." *Peoples v. Chatman,* 393 F.3d 1352, 1353 (11th Cir. 2004). "A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition." *Thomas,* 371 F.3d at 787. In light of the foregoing, Petitioner's habeas application is subject to both § 2241 and § 2254 and any decision to change the provision under which this matter is docketed is a matter left to the determination of the transferee court.

(D.D.C. 2013). By order filed October 25, 2013, that court ordered the transfer of the petition to this court.

## I. DISCUSSION

"[A]n application for a writ of habeas corpus ... made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts ... may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." 28 U.S.C. § 2241(d); *see also* 28 U.S.C. § 1404(a) ("[I]n the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought.").

Petitioner is incarcerated at the Elmore Correctional Facility in Elmore, Alabama. This facility is within the jurisdiction of this court. Petitioner, however, seeks to challenge the constitutionality of his incarceration which is based on a sentence imposed by the Circuit Court for Mobile County, Alabama, claiming he is actually innocent of his convictions for murder and child abuse and requesting his release from confinement based on his contention that insufficient evidence of his guilt for these offenses exists. Mobile County, Alabama, is within the jurisdiction of the United States District Court for the

Southern District of Alabama. Concurrent jurisdiction exists between this court and the United States District Court for the Southern District of Alabama. Based on the claims presented by Petitioner and in furtherance of justice and convenience of the parties, however, the court concludes that transfer of this case to the United States District Court for the Southern District of Alabama for review and disposition is appropriate.[2]

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be TRANSFERRED to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

 It is further

ORDERED that on or before **April 15, 2014**, Petitioner may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. Petitioner is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual

---

[2] In transferring this case, the court makes no determination regarding Petitioner's application for *in forma pauperis* status or the merits of his claims for relief challenging the constitutionality of his present incarceration on a sentence imposed by the Circuit Court for Mobile County, Alabama.

findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981 ) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of April, 2014.


        /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE